1

2

3

4                          UNITED STATES DISTRICT COURT

5                        NORTHERN DISTRICT OF CALIFORNIA

6

7    **JOSE MARIA Z.R.,**                    Case No. 4:22-01712-YGR

8                   Petitioner,              **ORDER DENYING MOTION TO DISMISS AND
                                             GRANTING IN LIMITED PART WRIT OF**
9            v.                              **HABEAS CORPUS**

10   **POLLY KAISER, ET AL.,**               Re: Dkt. No. 1, 16

11                  Respondents.

12          Pending before the Court are a Petition for Writ of Habeas Corpus and a Motion to

13   Dismiss (or, in the Alternative, to Transfer) for Lack of Jurisdiction.  Z.R. is a 29-year-old citizen

14   of El Salvador who has been detained by Immigration & Customs Enforcement ("ICE") for a

15   combined total of over one year.  He was detained after completing his sentence for Illegal Alien

16   in Possession of a Firearm, 18 U.S.C. §§ 922(g)(5) and 924(a)(2).  There is no dispute that Z.R.

17   has not had a hearing where the government was required to demonstrate that he is a danger or

18   flight risk by clear and convincing evidence to justify his prolonged detention to date.  Having

19   carefully considered the record and the papers submitted, and for the reasons set forth below, the

20   Court **DENIES** the motion to dismiss and **GRANTS IN LIMITED PART** the writ of habeas corpus.[1]

21          As a threshold issue, the Court must consider whether jurisdiction lies in this district.  Z.R.

22   is currently detained at the Mesa Verde ICE Processing Facility in Bakersfield, California, which

23   is a sub-office of the San Francisco Field Office overseen by Acting Director Polly Kaiser.  Mesa

24   Verde is a private contract detention facility that is owned and managed by The GEO Group, Inc.

25   The government mandates oversight through various inspection processes by ICE and other

26

27        [1] The District is currently in a judicial emergency resulting from increased case volumes,
     COVID-19 backlogs, limited resources, and judicial vacancies.  Pursuant to Federal Rule of Civil
28   Procedure 78(b) and Civil Local Rule 7-1(b), and to expedite a ruling, the Court finds that the
     issues are appropriate for decision without oral argument.

United States District Court
Northern District of California

1    entities.  Citing to *Rumsfeld v. Padilla*, 542 U.S. 426 (2004) and *Lopez-Marroquin v. Barr*, 955

2    F.3d 759 (9th Cir. 2020), Respondents argue that jurisdiction is improper in this district because

3    Z.R. is physically confined in Mesa Verde, which is in the Eastern District of California.

4           Courts in this district, including the undersigned, "repeatedly have held, both before and

5    since *Lopez-Marroquin*, that *Padilla* does not extend to cases such as this one where the

6    immediate custodian lacks any actual authority over the immigrant detainee," located in a private

7    contract facility.  *See, e.g.*, *Domingo v. Barr*, No. 20-CV-06089-YGR, 2020 WL 5798238, at *2

8    (N.D. Cal. Sept. 29, 2020); *Ameen v. Jennings*, No. 22-cv-00140-WHO, 2022 WL 1157900, at *4-

9    5 (N.D. Cal. Apr. 19, 2022); *Meneses v. Jennings*, No. 21-cv-07193-JD, 2021 WL 4804293, at *1-

10   2 (N.D. Cal. Oct. 14, 2021); *Perera v. Jennings*, No. 21-cv-04136-BLF, 2021 WL 2400981, at *2

11   (N.D. Cal. June 11, 2021); *Zepeda Rivas v. Jennings*, 445 F. Supp. 3d 36, 39 (N.D. Cal. 2020);

12   *Saravia v. Sessions*, 280 F. Supp. 3d 1168, 1186-87 & n.9 (N.D. Cal. 2017), *aff'd sub nom.*

13   *Saravia for A.H. v. Sessions*, 905 F.3d 1137 (9th Cir. 2018).  Having considered the evidence

14   submitted, Kaiser, the Acting Field Director Officer of the regional office that controls GEO as an

15   independent contractor, is the ultimate custodian of Z.R., making San Francisco the appropriate

16   jurisdiction for this petition to be filed.  Respondents' motion to transfer and dismiss for improper

17   venue is **DENIED**.[2]

18

19

20   _____

21          [2] It is true that Padilla indicates that a "core" habeas petition challenging physical
     confinement should be filed in "the district of confinement."  542 U.S. at 443.  Arguably, that
22   would be the Eastern District of California, which has territorial jurisdiction over Mesa Verde.
     However, Padilla also instructs that a habeas petition is directed at the respondent.  *Id*. at 442.
23   *Padilla* does not address a situation, like the one at hand, where the custodian is physically located
     in a different district than the petitioner and controlling custody through a private detention
24   facility.  Nothing in *Padilla* suggests that anything but Kaiser's location controls given the factual
     circumstances.

25          Respondents similarly cite to a myriad of unpublished opinions by the Ninth Circuit
     construing appeals from determinations from the immigration judge or Board of Immigration
26   Appeals ("BIA") as habeas petitions that then transferred the petitions to the districts were
     confined to suggest that the question left open by *Padilla* has been definitively resolved.  None of
27   these opinions analyze why a particular jurisdiction was more appropriate than another
     jurisdiction, let alone the situation here where a petitioner is being held in a non-federal private
28   facility operated under a government contract.  That unpublished authority does not compel a
     different result.

1    Z.R. argues that his initial bond hearing violated the Due Process Clause of the

2    Constitution because it placed the burden on him, as opposed to the government, to establish that

3    Z.R. is a danger or a flight risk.  He also argues that his detention is so prolonged that Due Process

4    entitles him to a new bond hearing with the burden placed on the government to demonstrate that

5    Z.R. is a danger or flight risk by clear and convincing evidence.  Finally, Z.R. argues that he was

6    wrongfully deprived of his right to a bond hearing based upon changed circumstances.  Since the

7    Court finds that the initial bond hearing was constitutionally deficient, the Court does not need to

8    address whether Z.R. was wrongfully deprived a bond hearing based upon changed circumstances.

9    There is no dispute that Z.R. is being detained for over a year pursuant to Section 1226(a)

10    which creates "a default rule" permitting the Attorney General to issue warrants for the arrest and

11    detention of aliens already present in the United States pending removal proceedings.  *Jennings v.*

12    *Rodriguez*, 138 S. Ct. 830, 846 (2018); 8 U.S.C. § 1226(a).  It is also beyond dispute that detention

13    during removal proceedings is a constitutionally valid aspect of the deportation process.  *Demore*

14    *v. Kim*, 538 U.S. 510, 523 (2003).  However, the limits of the statutory text do not limit the

15    constitutional inquiry into whether due process imposes "important constitutional limitations."

16    *Zadvydas v. Davis*, 533 U.S. 678, 695 (2001).  Z.R. is still entitled to due process of law consistent

17    with the Fifth Amendment even though he is not a citizen.  *Reno v. Flores*, 507 U.S. 292, 306

18    (1993); *see also Zadvydas*, 533 U.S. at 693.

19    Here, there is no dispute that the immigration judge and BIA placed the burden on Z.R. as

20    a noncitizen.  This violates the Constitution.  The Due Process Clause of the Fifth Amendment

21    provides that "[n]o person shall . . . be deprived of . . . liberty . . . without due process of law."

22    U.S. Const. amend. V.  "Freedom from imprisonment—from government custody, detention, or

23    other forms of physical restraint—lies at the heart of the liberty that Clause protects." *Zadvydas*,

24    533 U.S. at 690.  Indeed, the Supreme Court "repeatedly has recognized that civil commitment for

25    any purpose constitutes a significant deprivation of liberty that requires due process protection."

26    *Addington v. Texas*, 441 U.S. 418, 425 (1979) (citations omitted).  Given the foregoing, the Ninth

27    Circuit has held that in prolonged detention concerning immigration, "[g]iven the substantial

28    liberty interest at stake," the government, not the noncitizen detainee "must prove by clear and

United States District Court
Northern District of California

United States District Court
Northern District of California

1  convincing evidence that an alien is a flight risk or a danger to the community to justify denial of a

2  bond at a *Casas* hearing." *Singh v. Holder*, 638 F.3d 1196, 1203 (9th Cir. 2011) ("Singh").

3      The Ninth Circuit's reasoning in *Singh* applies with equal force here.  In *Singh*, the

4  noncitizen detainee had been subject to prolonged detention pending his removal proceedings.  He

5  was taken into custody without bond in April 2007 and did not receive a *Casas* hearing

6  challenging his detention until September 2008.  *Id*. at 1200-01.  The Ninth Circuit reasoned that

7  "due process requires 'adequate procedural protections' to ensure that the government's asserted

8  justification for physical confinement 'outweighs the individual's constitutionally protected

9  interest in avoiding physical restraint.'"  *Id*. at 1203 (citations omitted).  Ultimately, the potential

10  injury of depriving an individual of liberty "is so significant [that] a clear and convincing evidence

11  standard of proof provides the appropriate level of procedural protection."  *Id*. at 1203-04 (citing

12  *Addington*, 441 U.S. at 427).  This is because "it is improper to ask the individual to share equally

13  with society the risk of error when the possible injury to the individual—deprivation of liberty—is

14  so significant, a clear and convincing evidence standard of proof provides the appropriate level of

15  procedural protection."  *Id*. (internal quotation marks omitted).

16      A number of courts analyzing the issue have agreed that the Due Process Clause requires

17  the government to carry the burden with clear and convincing evidence, even with respect to initial

18  bond proceedings.  For instance, the Second Circuit has held that the burden in section 1226(a)

19  bond hearings should be on the government to demonstrate danger or flight risk by clear and

20  convincing evidence.  *Velasco Lopez v. Decker*, 978 F.3d 842, 855-56 (2d Cir. 2020).  Similarly,

21  the First Circuit has held that the burden should be on the government in section 1226(a) bond

22  hearings to demonstrate danger by clear and convincing evidence.  *Hernandez-Lara v. Lyons*, 10

23  F.4th 19, 39 (1st Cir. 2021).  As described by one colleague in this district, there is a "consensus

24  view" among district courts that due process requires the government to bear the burden by clear

25  and convincing evidence.[3]  The Court joins my colleagues in confirming that at a section 1226(a)

26

27      [3]  *Ixchop Perez v. McAleenan*, 435 F. Supp. 3d 1055, 1062 (N.D. Cal. 2020) (collecting
cases), *appeal dismissed sub nom. Perez v. McAleenan*, No. 20-15511, 2020 WL 8970669 (9th
28  Cir. Dec. 4, 2020); *see also Ameen*, 2022 WL 1157900, at *5-6; *Perera*, 2021 WL 2400981, at *3-
6; *Al-Sadeai v. United States Immigration & Customs Enf't*, 540 F. Supp. 3d 983, 991 (S.D. Cal.

bond hearing, "the government must prove by clear and convincing evidence that an alien is a flight risk or a danger to the community to justify denial of bond." *Singh*, 638 F.3d at 1203.[4]  One has not been provided.

In light of the foregoing, Z.R. is entitled to a new bond proceeding where the burden is properly placed on the government.  While Z.R. also asks for release, especially in light of COVID-19, the Court is of the position that a new bond hearing strikes the proper balance to allow the immigration judge to apply the appropriate burden in the first instance.  Therefore, the petition is **GRANTED IN PART**.  The government is **HEREBY ORDERED** to provide a constitutionally-compliant bond hearing within thirty days of this Order.

This Order terminates Docket Number 16.

**IT IS SO ORDERED.**

Dated: May 27, 2022

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT JUDGE**

---

2021); *Cruz-Zavala v. Barr*, 445 F. Supp. 3d 571, 576 (N.D. Cal. 2020); *Rajnish v. Jennings*, No. 3:20-cv-07819-WHO, 2020 WL 7626414, at *6 (N.D. Cal. Dec. 22, 2020); *Singh v. Barr*, 400 F. Supp. 3d 1005, 1018 (S.D. Cal. 2019).

[4]  The Court acknowledges that the Fourth Circuit issued a recent decision in *Miranda v. Garland*, No. 20-cv-1828, -- F.4th --, 2022 WL 1493822 (4th Cir. 2022), where the majority of the panel held that it does not violate due process for the petitioner to bear the burden at the initial bond proceeding under 8 U.S.C. § 1226(a).  However, this Court's decision is driven by *Singh* and the myriad cases that have similarly found that due process requires the burden be placed on the government at an initial bond hearing.